ETfÍRIDGE, Chief Justice:
A. F. Holcomb, appellant, brought this suit in the Circuit Court of Harrison County against Singing River Electric Power Association, alleging that the defendant’s negligence caused the plaintiff’s sawmill to be destroyed by fire. At the conclusion of testimony for both sides, the circuit court gave a peremptory instruction for the defendant.
Accepting as true plaintiff’s evidence which has probative value and the reasonable inferences from it, the circumstances shown nevertheless must be such as to take the case out of the realm of conjecture and to place it within the field of legitimate inference. There is no available proper inference in this record that the fire, which undisputedly began in Holcomb’s sawmill, was caused by either a system surge of electricity or a surge of electricity emitted from a defect within Singing River’s transformer bank serving the mill. The testimony for plaintiff of an electrical engineer, when analyzed as an entirety, dealt only with various possibilities as to the cause of the fire. His “conclusion” simply constituted a choice by him among several conjectural sources. The direct proof shows that the fire began entirely within the sawmill, which was under the exclusive control of Holcomb.
Plaintiff’s evidence was also not sufficient to make an issue on causation in fact, in terms of a reasonable probability. On the other hand, there is direct evidence of a history of malfunctioning starter switches on at least two motors in the bill. Nor is there sufficient evidence for a jury issue that any negligence of defendant proximately contributed to causing the fire. Cf. Tombigbee Electric Power Ass’n v. Gandy, 216 Miss. 444, 62 So.2d 567 (1953); Serio v. Illinois Central R.R. Co., 54 So.2d 481 (Miss.1951). In order to hold that the plaintiff can go to the jury, we would have to extend analysis beyond the prohibited inference upon another inference. See Masonite Corp. v. Hill, 170 Miss. 158, 154 So. 295, 95 A.L.R. 157 (1934); Tombigbee Electric Power Ass’n v. Gandy, supra.
When these considerations are evaluated, along with the fact that the scintilla rule of evidence is not recognized in this jurisdiction, we necessarily conclude that the circuit court was correct in granting a peremptory instruction for defendant-appellee.
Affirmed.
RODGERS, JONES, BRADY and IN-ZER, JJ., concur.